UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                           **REPORT, RECOMMENDATION**
                                                                               **AND ORDER**
                            Plaintiff,
                                                                               14-CV-00224-WMS-JJM
v.

WILLIAM PADOVANI,

                            Defendant.
_____

        This case has been referred to me by District Judge William M. Skretny for supervision of pretrial proceedings [8].[1] Before me are defendant's omnibus motion [31] and his untimely motion to dismiss Count 1 of the Superseding Indictment or, in the alternative, for disclosure of the grand jury minutes [36].[2] Oral argument was held on February 25 and April 14, 2016 [34, 42].

        Although the omnibus motion sought several forms of relief, at oral argument on February 25, 2016 defendant confirmed that the only unresolved portions of that motion were his request for a bill of particulars and related discovery. *See* February 25, 2016 Text Order [35]. For the following reasons, the omnibus motion is denied, and I recommend that the motion to dismiss Count 1 of the Superseding Indictment be granted.

_____

[1]     Bracketed references are to CM/ECF docket entries.

[2]     Although the motion refers to the Indictment rather than the Superseding Indictment, I assume this is a typographical error.

ANALYSIS

A. **Defendant's Motion to Dismiss Count 1 of the Superseding Indictment**

1. **Sufficiency of the Superseding Indictment**

In this Circuit, an indictment alleging conspiracy under 21 U.S.C. §846 must allege "the time during which the conspiracy was operative". United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975). "An indictment sufficiently alleges the duration of a conspiracy by fixing the end of the conspiracy and providing an approximate start date." United States v. Kincaid, 631 Fed. App'x 276, 280 (6th Cir. 2015); United States v. Vassar, 346 Fed. App'x 17, 19–20 (6th Cir. 2009).[3]

Courts in this district have enforced that requirement. *See*, *e.g*., United States v. Mullen, 450 F. Supp. 2d 212, 218 (W.D.N.Y. 2006) (Arcara, J.) ("Count 2 alleges that between September 2001 and August 3, 2004 . . . Defendant along with 32 others knowingly, willfully and unlawfully conspired and agreed together and with others to possess with intent to distribute 5 kilograms or more of cocaine . . . . As stated, Count 2 informs Defendant of the time period within which the alleged conspiracy occurred"); United States v. Kendrick, 2015 WL 500805, \*\*11, 12 (W.D.N.Y. 2015) (Geraci, J.) ("Count 1 alleges that from about 1993 until March 2011 . . . the defendants conspired with each other and others to possess with intent to distribute

---

[3] Some courts have suggested that "uncertainty regarding a conspiracy's beginning and ending dates does not render an indictment fatally defective so long as overt acts alleged in the indictment adequately limit the time frame of the conspiracy". United States v. Forrester, 616 F.3d 929, 940-41 (9th Cir. 2010). I need not decide whether that rule applies in this Circuit, because Count 1 of the Superseding Indictment [20] does not allege any overt acts, nor does it incorporate the allegations of Counts 2 and 3. "[E]ach count of an indictment must be treated as if it were a separate indictment, and . . . the validity of a count cannot depend upon the allegations contained in any other count not expressly incorporated." United States v. Hernandez, 980 F.2d 868, 871 (2d Cir. 1992).

and distribute narcotics . . . . Count 1 of the Second Superseding Indictment satisfies the standards summarized in Mullen").

However, Count 1 of the Superseding Indictment alleges only that defendant conspired with others "[b]eginning on a date unknown and continuing to on or about November 5, 2014". While defendant's omnibus motion seeks a bill of particulars disclosing "[t]he dates when the alleged conspiracy was operative" ([31], p. 4), granting that request would be meaningless. A bill of particulars would "tell us only what the prosecution is prepared to charge now, not what the grand jurors . . . thought they were charging when they voted the indictment". United States v. Fried, 450 F. Supp. 90, 93-94 (S.D.N.Y. 1978). "The right to have the grand jury make the charge *on its own judgment* is a substantial right which cannot be taken away." Stirone v. United States, 361 U.S. 212, 218-19 (1960) (emphasis added).

"To allow the prosecutor . . . to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." Russell v. United States, 369 U.S. 749, 770 (1962). *See also* United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999) ("[t]he Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury").

Since Count 1of the Superseding Indictment does not allege "the time during which the conspiracy was operative" as required by Bermudez, it cannot be saved by either a bill of particulars or discovery from the government. *See* Walsh, 194 F.3d at 45 ("a bill of

particulars or discovery cannot save a defective indictment"). However, the remaining question is whether the motion to dismiss should be considered at all.

### 2. Should the Untimely Motion to Dismiss be Considered?

My Third Amended Scheduling Order [30] set a deadline of January 19, 2016 for pretrial motions. Although defendant's omnibus motion was timely filed, his motion to dismiss was not filed until March 7, 2016. Fed. R. Crim. P. ("Rule") 12(c)(3) states that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But the court may consider the . . . request if the party shows good cause".

The motion to dismiss made no attempt to show good cause for the belated filing. Only after the government challenged the timeliness of the motion (*see* government's Response [38], p. 4) did defendant argue good cause: "Good cause is 'a flexible standard that requires consideration of all interests in the particular case'. Advisory Committee Notes, 2014 Amendments, Rule 12(c) . . . . The portions of the defendant's timely omnibus motion that remain pending are so intertwined with the untimely motion to dismiss that it is impossible to render a decision on one without rendering a decision on the other. For example, should the Court find that a bill of particulars or further discovery is warranted here due to the lack of specificity of Count 1, and the government is unable to provide a bill of particulars or any further discovery, then Count 1 is rendered insufficient by default . . . . Conversely, if the Court denies the defendant's timely omnibus motion, or if the government is able to provide further discovery and a bill of particulars, then it follows that Count 1 is sufficient." Defendant's Reply [39],¶¶4, 9.

"Although courts normally do not consider arguments raised for the first time in reply . . . the Court has discretion to do so." Dunkelberger v. Dunkelberger, 2015 WL 5730605, *18, n. 10 (S.D.N.Y. 2015); Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005). I believe it is appropriate to do so here, given the close relationship between defendant's timely request for a bill of particulars or discovery as to the dates during which the conspiracy was operative and his untimely motion to dismiss Count 1. As stated previously, since neither a bill of particulars nor discovery from the government could remedy Count 1's failure to set forth the approximate date on which the conspiracy commenced, Count 1 is defective and must be dismissed, without prejudice.[4]

**B.   Defendant's Motion for a Bill of Particulars and Related Discovery**

Defendant seeks particularization of all counts of the Superseding Indictment, including Counts 2 and 3, which allege that defendant attempted to possess with intent to distribute 100 grams or more of heroin and cocaine on or about November 5, 2014, in violation of 21 U.S.C. §846.  He also asks that "[i]f any of the . . . requests [for particularization] are better suited for disclosure under any other federal discovery provision", that they be construed as requests for discovery pursuant Rules 12 and 16. Passafiume Affirmation [31], ¶¶6-7.

---

[4]   In fact, this defect could be raised on the court's own motion pursuant to Rule 52(b) ("[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention"). Although that Rule is often applied in the context of appellate review, it applies to district courts as well.  See Rule 1(a)(1); Herzog v. United States, 226 F.2d 561, 569-70 (9th Cir. 1955).

    **1.    Particularization of Count 1**

To the extent that I have recommended that Count 1 be dismissed, this portion of the motion is denied as moot.[5]

    **2.    Particularization of Counts 2 and 3**

For Counts 2 and 3, defendant seeks the following:

"State the exact substance of the defendant's conduct that allegedly substantiates the charge contained in the Indictment that the defendant committed the crime of Attempt to Possess with Intent to Distribute 100 Grams or More of [heroin and cocaine], including, but not limited to:

i. The exact location of where the alleged [heroin/cocaine] was recovered.

ii. The method and manner in which the alleged [heroin/cocaine] was recovered.

iii. State the information, and source of said information, received by the arresting law enforcement officer(s) that constituted the purported probable cause to arrest the defendant.

iv. State the names of law enforcement personnel that recovered the alleged [heroin/cocaine]." Passafiume Affirmation [31], ¶¶6(b), (c).

Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so

---

[5]     At the April 14, 2016 oral argument, defendant's counsel stated that granting his request for a bill of particulars and related discovery would render his dismissal motion moot. That approach erroneously prioritizes the pending motions. Since a facially defective indictment cannot be saved by a bill of particulars or discovery, the facial sufficiency of the Superseding Indictment must be addressed initially. See Walsh, 194 F.3d at 45.

general that they do not advise the defendant of the specific acts of which he is accused." Walsh, 194 F.3d at 47. "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014) (Scott, M.J.).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("In determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

While Counts 2 and 3 of the Superseding Indictment provide little detail of the crimes he is alleged to have committed, the voluntary discovery produced provides sufficient information of circumstances leading to defendant's arrest on November 5, 2014. Indeed, defendant concedes that he has been provided with "ampl[e] discovery pertaining to the November 5, 2014 arrest". Passafiume Reply Affirmation [33],¶6. The November 6, 2014 Criminal Complaint [1] provides further detail of the investigation leading to defendant's arrest.

Therefore, I conclude that defendant has been provided with sufficient information of the details of the charges to enable him to prepare for trial and avoid unfair surprise.

Based on the government's statement that it has provided all Rule 16 discovery currently in its possession (government's Response [32], p. 9) and defendant's concession that ample discovery related to the his arrest was produced, I also conclude that there is no basis to either construe the requests for particularization as Rule 16 discovery requests or to grant them under that authority. Therefore, this portion of defendant's motion is denied.

**CONCLUSION**

For these reasons, defendant's omnibus motion is denied as moot, and I recommend that his motion to dismiss count 1 of the Superseding Indictment be granted, without prejudice to re-indictment. Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by May 13, 2016 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of

the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated:  April 26, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge