UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| Plaintiff, | |
| | 14-CR-00224-WMS-JJM |
| v. | |
| WILLIAM PADOVANI, | |
| Defendant. | |

_____

    Defendant is charged in a three-count Second Superseding Indictment [50] [1] with, *inter alia*, a narcotics conspiracy, in violation of 21 U.S.C. §846. Id., Count 1. This case has been referred to me by District Judge William M. Skretny for supervision of pretrial proceedings [8]. Before me is defendant's second omnibus motion [54], and the government's cross-motion for reciprocal discovery. Government's Response [55], pp. 14-15. Oral argument was held on September 26, 2016 [60]. For the following reasons, defendant's motion is denied and the government's cross-motion is granted.

## BACKGROUND

    Defendant was previously charged in a Superseding Indictment [20] with a narcotics conspiracy, which allegedly began "on a date unknown" and continued to his arrest on or about November 5, 2014. Id., Count 1. Defendant moved to dismiss that count or, in the alternative, for disclosure of the grand jury minutes [36]. By Report, Recommendation and Order dated April 26, 2016 [43], I recommended that Count 1 of the Superseding Indictment be dismissed for failing to allege the dates when the alleged conspiracy was operative. Id., pp. 2-3.

---

[1]   Bracketed references are to CM/ECF docket entries.

In lieu of filing objections to my recommendation, the government returned a Second Superseding Indictment [50], alleging that the conspiracy began "in or before September 2014 . . . to on or about November 5, 2014". Id., Count 1. Although defendant acknowledges that the deficiency that resulted in the dismissal of Count 1 of the Superseding Indictment "still exists with the Second Superseding Indictment", he does not move for that relief. Instead, defendant moves in his Second Omnibus Motion [54] for disclosure of the grand jury minutes, a bill of particulars, Fed. R. Crim. P. ("Rule") 16 discovery, Brady/Giglio[2] material, and Jencks Act (18 U.S.C. §3500) material. Passafiume Affirmation [54], Schedules I–V.

## ANALYSIS

**A.     Defendant's Pretrial Motions**

   **1.     Motion for Disclosure of Grand Jury Minutes**

"The burden is on the party seeking disclosure [of grand jury materials] to show a particularized need that outweighs the need for secrecy." In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996). Relying on the fact that no discovery has been produced by the government "that contains or references any act that occurred 'in or before September 2014'", defendant seeks production of the grand jury minutes for the Second Superseding Indictment. Passafiume Affirmation [54], Schedule I.

At the September 26, 2016 oral argument, the government agreed that it would not seek to prove at trial defendant's participation in the alleged conspiracy prior to September 2014, and that it would disclose to defendant the grand jury testimony supporting the Second

---

[2]     Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

Superseding Indictment's allegation that he participated in the conspiracy from September 2014 to the time of his arrest on November 5, 2014.[3]  Based upon the government's representations, this portion of defendant's motion is denied.

### 2. Motion for a Bill of Particulars

Defendant seeks the following particularization of the conspiracy count of the Second Superseding Indictment:

> i. "The dates when the alleged conspiracy was operative and the source of that information";
>
> ii. "The approximate date the defendant allegedly joined the conspiracy";
>
> iii. "The names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses)";
>
> iv. "The approximate dates and locations of any meetings or conversations in which the defendant allegedly participated in the conspiracy";
>
> v. "State the defendant's role in the alleged conspiracy"; and
>
> vi. "State the acts allegedly committed by the defendant that were in furtherance of the conspiracy". Passafiume Affirmation [54], ¶28.

Fed. R. Crim.P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the

---

[3]  Although the government declined to produce the identity of the grand jury witness that provided this testimony, defendant reserves his right to seek that testimony at a later date.

charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d. Cir. 1999). "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014) (Scott, M.J.).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("In determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

"[T]here is a special concern for particularization in conspiracy cases." United States v. Palmer, 2012 WL 2953659, *3 (W.D.N.Y.2012) (Scott, M.J.) (citing United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)). Thus, "a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666.

Based upon the government's agreement that it will not seek to prove at trial defendant's participation in the conspiracy prior to September 2014, the duration of defendant's alleged participation in the conspiracy is no more than approximately two months. Coupled with the limited duration of defendant's participation in the alleged conspiracy, there is nothing before me or argued by defendant to suggest that this is a complex conspiracy warranting a bill of particulars. The government's agreement to provide defendant with the grand jury testimony supporting the Second Superseding Indictment's allegation that defendant participated in the conspiracy from September 2014 to the time of his arrest on November 5, 2014, when coupled with the other discovery produced, provides defendant with sufficient information to enable him to prepare for trial.

Additionally, much of the particularization defendant seeks is not of the type to which he is entitled. "As a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), aff'd, 875 F.2d 857 (2d Cir. 1989). *See* United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y. 2006) (Foschio, M.J.) ("as the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge"). Thus, "the government need not specify when a particular defendant joined the conspiracy, nor is it required to specify what role each defendant played in the conspiracy. . . . Similarly, to the extent that defendants seek a description of the particular acts for which he or she is being held responsible, or a listing of the acts of which each defendant had knowledge, the

case law is clear that the government is not required to provide the information." United States v. James,  2007 WL 914242, *26 (E.D.N.Y. 2007).  See United States v. Nicolo, 523 F. Supp. 2d 303, 317 (W.D.N.Y. 2007) (Larimer, J.), aff'd, 421 Fed. App'x 57 (2d Cir. 2011) (Summary Order) ("[a]s a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.  More specifically, details regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be revealed before trial . . . . Likewise, the names of unindicted coconspirators need not be provided"); United States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y. 2007) ("[t]he Second Circuit . . . ha[s] routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with whoms' of the crime charged").  Therefore, this portion of defendant's motion is denied.

### 3. Motion for Rule 16 Discovery

Apart from the government's Brady,  Giglio, and Jencks Act obligations, which are addressed separately, "Rule 16 is . . . the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases".  United States v. Louis, 2005 WL 180885, *2 (S.D.N.Y.2005).  The government represents that it "has provided all discovery required at this time under Rule 16, which will be supplemented with Jencks Act material, to the extent not already provided, including grand jury transcripts, as required by the District Court's pretrial order".  Government's Response [55], p. 11.  At this point, I have no reason to question the government's representations, especially since defendant fails to reply by pointing to any specific deficiency in its production.  See United States v. Johns, 336 F .Supp.2d 411, 424 (M.D.Pa.2004) ("[t]he court is entitled to rely on the representations of counsel, as officers of the

court"); Theodore v. State of New Hampshire, 614 F.2d 817, 822 (1st Cir.1980) ("[a]ttorneys are officers of the court and a judge has the right, in most circumstances, to rely on their representations to him"). Therefore, this portion for defendant's motion is denied.

4. **Motion for Production of Brady/Giglio Material**

Defendant moves for pretrial disclosure of Brady/Giglio materials and identifies a number of specific materials that he contends fall within the ambit of this authority. Passafiume Afirmation [54], ¶34. The government acknowledges" its continuing duty under Brady to produce such material, if and when it is aware of it". Government's Response [55], p. 12. With respect to Brady impeachment material, the government agrees to produce such material "in accordance with the schedule set by the District Court prior to trial and no later than when [it] produces and delivers the Jencks Act material". Id., p. 13.

"The government's obligations under Brady . . . are seemingly well-established. The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment . . . . This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001) (*citing* Giglio, 405 U.S. at 154). "[A]s a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." Id. at 146. "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." Id. at 144. "[T]he time required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case." Id. at 146.

Based upon the government's representations, this portion of defendant's motion is denied. Consistent with Coppa, the government shall timely disclose Brady and Giglio materials to defendant. *See* United States v. Hill, 2012 WL 912948, *5 (W.D.N.Y. 2012) (Schroeder, M.J.).

### 5. Motion for Early Disclosure of Jencks Act Material

Defendant moves for disclosure of Jencks Act material "at a definite time sufficiently in advance to permit the defense to adequately review and prepare for hearings and/or trial and to avoid unnecessary delay during hearings and/or trial". Passafiume Affirmation [54], ¶37. However, "[c]ourts in this Circuit have consistently held that district courts lack the power to mandate early production of Jencks Act material." United States v. Morgan, 690 F.Supp.2d 274, 286 (S.D.N.Y. 2010). *See* Coppa, 267 F.3d at 145 (the "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements"); In re United States, 834 F.2d 283, 287 (2d Cir. 1987) ("as to the district court's order for the production of statements of government witnesses, the Jencks Act controlled, and the district court had no inherent power to modify or amend the provisions of that Act"); United States v. Parris, 2014 WL 2745332, *14 (S.D.N.Y. 2014) ("[t]he Jencks Act provides that the Government must produce prior statements of its witnesses after each has testified at trial and deprives the District Courts of the power to mandate early production of such material"); United States v. Scott, 2015 WL 1525580, *4 (D. Conn. 2015) ("[t]he Second Circuit has consistently held that a district court's 'power to order pretrial disclosure is constrained by the Jencks Act,' and that the district court may not order advance disclosure inconsistent with the Jencks Act itself"). Nonetheless, the government represents that it will comply with the trial court's pretrial order,

which typically requires the production of Jencks Act material two to four weeks in advance of trial, but reserves its right to argue that safety concerns outweigh the need for disclosure of certain statements in advance of trial. Government's Response [55], p. 14. Therefore, this portion of defendant's motion is denied.

**B.    Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [55], pp. 14-15. Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304-05 (W.D.N.Y.2007) (Foschio, M.J./Arcara, J.).

The government also moves for notice pursuant to Fed. R. Evid. 807(b) of defendant's intent to offer statements under the residual hearsay exception. Government's Response [55], p. 15. Defendant has also not opposed this request. Therefore, it is also granted, and he shall comply with the notice provisions of Fed. R. Evid. 807(b).

**CONCLUSION**

For these reasons, defendant's second omnibus motion [54] is denied and the government's cross-motion for reciprocal discovery ([55], pp. 14-15) is granted. Unless otherwise ordered by Judge Skretny, any objections to this Decision and Order must be filed with the clerk of this court by October 17, 2016 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review

of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: September 28, 2016

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge